UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| MICHAEL MINTZ, | Civil Action No.: |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| CONVERGENT OUTSOURCING, INC., | **DEMAND FOR JURY** |
| Defendant(s). | |

------------------------------------------------------------X

Plaintiff MICHAEL MINTZ ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C. Of Counsel, as and for its Complaint against the Defendant CONVERGENT OUTSOURCING, INC., (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA).

## PARTIES

2. Plaintiff MICHAEL MINTZ is a resident of the State of New York, residing at 281 Collington Drive, Ronkonkoma, New York 11779.

3. Defendant, CONVERGENT OUTSOURCING, INC. is a corporation

engaged in the business of debt collection with a main office located at 800 SE 39th Street, Renton, Washington 98057-9004.

4. The Plaintiff is a consumer as the phrase is defined in the FDCPA under 15 USC §1692a (3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by sending Plaintiff a written communication dated October 27, 2014 (attached hereto as Exhibit "A").

11. Defendant's letter to Plaintiff addressed Plaintiff by another name as "Michael Minaz."

12. Defendant's letter stated "The records of Optimum show that your balance of $140.44 is due in full."

13. Defendant's letter provided no other explanation as to who the creditor was or what the balance represented.

14. Defendant's letter stated that if the consumer had any questions, they should call 866 291 6364 which number Plaintiff called on November 10, 2014 and was connected to a representative of Defendant who identified herself as "Chelsea."

14. Plaintiff inquired of "Chelsea" what Defendants letter referred to insofar as Plaintiff did not recognize the creditor and there was no explanation in Defendant's letter of what the charge represented.

14. "Chelsea" informed Plaintiff that Defendant's letter referred to a cable television account which she claimed Plaintiff had in 2009.

15. Plaintiff informed "Chelsea" that he never had any account with this creditor ever and wished to dispute the charge, asking how this would be done.

16. "Chelsea" replied that Plaintiff would have to dispute in writing and that Defendant would send him a "fraud package" because someone had opened an account in his name.

17. Plaintiff said he did not know about that, he simply wished to dispute any debt owed to the creditor as Defendant claimed.

18. "Chelsea" repeated the direction that Plaintiff needed to write a letter in order to dispute the alleged debt.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. 15 USC §1692 e – preface and e (10) prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt or to obtain information concerning a consumer.

21. Defendant violated 15 USC §1692 e – preface and e (10) when Defendant sent a letter to Plaintiff, addressing him by a name other than his own and informing him that he owed $140.44 to "Optimum," failing to explain anything further except to say that if Plaintiff had any questions, he should call Defendant. The creditor to which Defendant appeared to be referring in its letter is actually identified as "Optimum Cablevision System Corp.," as opposed to the deceptive reference to "Optimum." Just as deceptive is the unexplained charge of $140.44 and the name "Minaz" which just slightly resembles Plaintiff's name and which is a legitimate name designated to various individuals and not a typographical error. In fact, no attempt to collect the amount stated, a five year old debt according to Defendant, was ever made to Plaintiff by said creditor. Defendant's employee, "Chelsea" provided no further information regarding why Plaintiff was receiving the subject letter and falsely directed Plaintiff to write a letter to Defendant if he wished to dispute. As Defendant knows, or should know, pursuant to <u>Dana Clark v. Absolute Collection Service, Inc.</u>, the Fourth Circuit of the U.S. Court of Appeals found that subparagraph (3) of 15 USC §1692 g (a) of the FDCPA, as written, triggers statutory protections for consumers, affirming the right of consumers to challenge a debt orally without imposing a written

requirement. The Court found further that, "Once a consumer disputes a debt orally, under section 1692 g (a)(3), a debt collector cannot communicate that consumer's credit information to others without disclosing the dispute." Defendant clearly has obtained numerous old debts without efforts to verify their validity or accuracy and failed to compensate such action by training agents such as "Chelsea" to properly and accurately provide consumers with information about their accounts, or to inform consumers of their rights with regard to disputes.

22. 15 USC §1692 f –preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

23. The Defendant violated 15 USC §1692 f – preface by unfairly and unconscionably taking action to collect $140.44 from Plaintiff by writing to an erroneous name at Plaintiff's address and providing no explanation or information about what the charge represents. Defendant further unfairly trains and/or sanctions employees such as "Chelsea" with whom Plaintiff spoke by telephone on November 10, 2014, to falsely inform Plaintiff that his request to register a verbal dispute was denied because he needed to write a letter and receive a "fraud package," as though the only explanation for Defendant's error in claiming Plaintiff owed the subject debt was fraud. In fact, Defendant fails to confirm the accuracy of debt collection communications and accounts and deliberately and unfairly sends letters with inaccurately identified consumers and creditors and no explanation of what the charges they are attempting to collect represent, with the direction to telephone Defendant with "any questions." Such communications are intended to compel consumers to make contact in order to be subjected to further debt collection activity. Additionally, as exemplified by "Chelsea," Defendant's employees are trained to unfairly refuse to consider

or investigate inaccuracies or errors claimed by consumers and to mislead consumers about their right to register verbal disputes.

24.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

25.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A.  For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C.  For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D.  For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E.  A declaration that the Defendant's practices violated the FDCPA;

F.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         January 29, 2015

                        Respectfully submitted,

                        By: *[signature]*
                        Edward B. Geller, Esq. (EG9763)
                        Edward B. Geller, Esq., P.C., Of Counsel to
                        M. HARVEY REPHEN & ASSOCIATES, P.C.
                        15 Landing Way
                        Bronx, New York 10464
                        Phone:   (914)473-6783

                        *Attorney for the Plaintiff* MICHAEL MINTZ

To:   Convergent Outsourcing, Inc.
      800 SW 39th Street
      Renton, WA 98057-9004

      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Eastern District of New York
      *(For Filing Purposes)*

EXHIBIT "A"


ATERSO01
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED


Convergent Outsourcing, Inc.
800 SW 39th St./PO Box 9004
Renton, WA 98057
Mon-Fri 8AM-5PM
866-291-6364

Date: 10/27/2014
Creditor: Optimum
Client Account #: 07801353729039
Convergent Account #: T-73321656
    Principal:    $ 140.44
    Total Balance:    $ 140.44

T215    433055939
Michael Minaz
281 Collington Dr
Ronkonkoma NY 11779-4819

**Your Response is Requested**

Dear Michael Minaz:

This notice is being sent to you by a collection agency. The records of Optimum show that your balance of $ 140.44 is due in full.

If you have any questions about this account please contact our office toll free at 866-291-6364

Sincerely,

Convergent Outsourcing, Inc. 866-291-6364

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.

---

**3 CONVENIENT WAYS TO PAY:**

Pay Online: Email our office or pay your bill online with your credit/debit card or checking account at www.payconvergent.com. Your temporary identification number is: 8.73321656.519

Pay by Phone: Please call Convergent Outsourcing, Inc. at 866-291-6364. We offer check by phone, Western Union, and credit/debit card.

Pay by Mail: Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton WA 98057-9004

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT. BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.   738ATERSO01T215

866-291-6364
Date: 10/27/2014
Creditor: Optimum
Client Account #:  07801353729039
Convergent Account #: T-73321656
Total Balance:  $ 140.44

Amount Enclosed: US _____

**New Address:**
Address: _____
City: _____ ST ____ Zip: _____
Daytime Phone: (___) ____-_____
Evening Phone: (___) ____-_____
If we are calling you in error, please call 855-728-9701 or visit our website at www.convergentusa.com.

T-73321656-T215
Convergent Outsourcing, Inc.
PO Box 9004
Renton WA 98057-9004

04007332165600000140440000000

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

New York City Department of Consumer Affairs License Number 1099671 in Washington State, 1249050 in Texas and 1099672 in Arizona. You may call Sherri Kaullen at the toll free telephone number on the front side of this letter during normal business hours.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.:

MICHAEL MINTZ,

                    Plaintiff,

-against-

CONVERGENT OUTSOURCING, INC.,

                    Defendant(s).

---

# COMPLAINT

---

Edward B. Geller, Esq., P.C., Of Counsel to

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
Phone:   (914)473-6783

---